UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

    Plaintiffs,

vs.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, JPMorgan Chase Bank, N.A. ("JPMC") hereby gives notice of removal of the above-entitled action, and all claims and causes of action therein, currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court Action"). JPMC appears for the purposes of removal only, reserves all defenses and rights available to it, including as to proper service and personal jurisdiction. In support of this Notice of Removal, JPMC states the following:

### THE REMOVED ACTION

1.  The removed case is an action filed on November 1, 2021 in the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Monarch Air Group, LLC d/b/a Mercury Jets, a Florida limited liability company, and David Gitman v. JPMorgan Chase Bank, N.A., a foreign profit corporation*.

**PAPERS FROM THE REMOVED ACTION**

2. Pursuant to 28 U.S.C. § 1446(a), JPMC attaches to this Notice of Removal a copy of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the State Court Action. *See* Composite Exhibit 1 attached hereto.

3. Pursuant to 28 U.S.C. § 1446(d), JPMC will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and will serve a copy of this Notice of Removal on Monarch Air Group, LLC and David Gitman ("Plaintiffs").

**REMOVAL IS TIMELY**

4. Plaintiffs filed this action on November 1, 2021. Without conceding that service was properly executed, JPMC was purportedly served with Plaintiffs' complaint on November 4, 2021.

5. This notice of removal is being filed within 30 days of JPMC's receipt of Plaintiffs' complaint and thus is timely filed under 28 U.S.C. § 1446(b). *See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999) (removal time frame begins upon receipt of formal service; not receipt of complaint).

**VENUE IS PROPER**

6. Venue is proper in the Broward Division of this Court because this action is being removed from the Seventeenth Judicial Circuit in and for Broward County, Florida, and, according to the complaint, the asserted causes of action allegedly accrued in Broward County, Florida.

**DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the

parties are completely diverse and were completely diverse at the time the Plaintiffs filed the complaint.

8. Plaintiff Monarch Air Group, LLC is a limited liability company who, on information and belief, has a single member, David Gitman. Gitman is an individual domiciled in Florida and is thus a citizen of Florida. As a result, Monarch Air Group, LLC is a citizen of Florida.

9. Plaintiff David Gitman is an individual domiciled in Florida and is thus a citizen of Florida.

10. JPMC is a national banking association with its main office, as designated in its articles of association, in Ohio. Accordingly, JPMC is a citizen of Ohio.

11. The citizenships of each party and the facts set forth in paragraphs 8 through 10 were the same at the time the Plaintiffs filed the complaint.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12. Plaintiffs do not allege a specific amount in controversy—only that this is an action for damages exceeding $30,000. However, a reasonable reading of the complaint reveals that Plaintiffs seek damages in excess of $75,000. Specifically, among other things, the complaint alleges that the Plaintiffs have suffered "substantial damages" and "have significantly interfered with Plaintiffs' ability to transact business[.]"

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that this action be removed in its entirety from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to this Court, that this Court proceed with the case as if it was originally initiated in this Court, and that this Court make and enter such further orders as may be necessary and proper.

Dated: December 1, 2021          Respectfully submitted,

**Derek E. León**
Derek E. León, Esq.
 Florida Bar No. 625507
John R. Byrne
 Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975
Fascimile: (305) 351-4029
Email: jbyrne@leoncosgrove.com
Email: dleon@leoncogrove.com
Email: eperez@leoncosgrove.com
Email: anoonan@leoncosgrove.com

*Counsel for JPMorgan Chase Bank, N.A.*