# COMPOSITE EXHIBIT 1

## Monarch Air Group, LLC , et al Plaintiff vs. JPMorgan Chase Bank, N.A. Defendant

**Broward County Case Number:** CACE21019694
**State Reporting Number:** 062021CA019694AXXXCE
**Court Type:** Civil
**Case Type:** Other - Libel/Slander
**Incident Date:** N/A
**Filing Date:** 10/29/2021
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 05 Bidwill, Martin J.

---

### − Party(ies)

Total: 3

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Monarch Air Group, LLC**<br><br>*Doing Business As*<br>**Mercury Jets** | | ★ Kon, Joshua<br>Retained<br>Bar ID: 0056147<br>One E Broward BLVD<br>STE 915<br>Fort Lauderdale, FL 33301<br>**Status: Active** |
| Defendant | **JPMorgan Chase Bank, N.A.** | | ★ Byrne, John Richard<br>Retained<br>Bar ID: 126294<br>Leon Cosgrove<br>255 Alhambra Cir Ste 800<br>Coral Gables, FL 33134<br>**Status: Active** |
| Plaintiff | **Gitman, David** | | ★ Kon, Joshua<br>Retained<br>Bar ID: 0056147<br>One E Broward BLVD<br>STE 915<br>Fort Lauderdale, FL 33301<br>**Status: Active** |

## Disposition(s)

Total: 0

| Date | Statistical Closure(s) |
|------|------------------------|

| Date | Disposition(s) | View | Page(s) |
|------|----------------|------|---------|

## Event(s) & Document(s)

Total: 8

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 11/22/2021 | **Order Extending Time** | | 🗎 | 2 |
| 11/19/2021 | **Motion for Enlargement of Time** | Party: *Defendant* JPMorgan Chase Bank, N.A. | 🗎 | 3 |
| 11/18/2021 | **Notice of Appearance** | Party: *Defendant* JPMorgan Chase Bank, N.A. | 🗎 | 2 |
| 11/01/2021 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | NONE | 🗎 | 1 |
| 11/01/2021 | **eSummons Issuance** | JPMORGAN CHASE BANK, N.A | 🗎 | 2 |
| 10/29/2021 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 10/29/2021 | **Civil Cover Sheet** | Amount: $30,001.00 | 🗎 | 3 |
| 10/29/2021 | **Complaint (eFiled)** | Party: *Plaintiff* Monarch Air Group, LLC *Plaintiff* Gitman, David | 🗎 | 7 |

## Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

**—**  Related Case(s)                                                                  Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY,
FLORIDA

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

      Plaintiffs,

                               CASE NO.:

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiffs, MONARCH AIR GROUP, LLC ("Monarch"), a Florida limited liability company, and DAVID GITMAN, an individual ("Gitman") (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendant, JPMORGAN CHASE BANK, N.A. ("Chase" or "Defendant"), a foreign profit corporation.

### JURISDICTION AND VENUE

1.     This is an action for damages exceeding Thirty Thousand Dollars ($30,000.00), exclusive of pre-judgment interest, attorney's fees and costs, and is, thus, within the exclusive plenary jurisdiction of the Circuit Courts.

2.     Venue is proper in Broward County, Florida, the place the causes of action asserted herein accrued, the place where the economic damages giving rise to this Complaint occurred, and the place where Plaintiffs' principal place of business is located.

3.     Plaintiff, MONARCH AIR GROUP, LLC, d/b/a MERCURY JETS, is a Florida limited liability company with its principal place of business in Broward County, Florida.

STOK KON + BRAVERMAN
1 E. Broward Boulevard, Suite 915 • Fort Lauderdale, FL 33301 • P.954.237.1777 • F.954.237.1737 • E-mail: service@stoklaw.com

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 10/29/2021 01:39:12 PM.****

4.     Plaintiff, DAVID GITMAN, is a sui juris individual doing business in Broward County, Florida.

5.     Defendant, JPMORGAN CHASE BANK, N.A., is a foreign profit corporation.

6.     All conditions precedent to the institution, maintenance, and prosecution of this lawsuit have been performed, excused, waived, or have otherwise occurred.

## GENERAL ALLEGATIONS

7.     Monarch is in the business of (a) providing on-demand, private aircraft charter services in Florida and across the globe; (b) providing aircraft management services to aircraft and fleet owners; (c) providing mission critical supplies to United States and non-governmental entities throughout the world; (d) providing aircraft acquisition and management services; and (e) providing specialized aviation solutions.

8.     Accordingly, Monarch transacts business with customers throughout the United States and the world.

9.     Monarch owns and controls several bank accounts for the purposes of transacting business with its customers. Gitman is a principal of Monarch and also owns and controls bank accounts for purposes of transacting business and paying non-commercial expenses.  Monarch accepts payments from its customers via wire and automated clearing house ("ACH") transfers in exchange for Monarch's services.

10.     Chase is one of the largest consumer banks in the world with over 5,100 branches in the United States alone.

11.     Many of Monarch's customers hold own bank accounts at and conduct their consumer banking affairs with Chase. Many of the individuals and businesses to who Gitman must process payments also own bank accounts and conduct their consumer banking affairs with Chase.

12.     Beginning in or around September 2020, Chase began rejecting, cancelling, and otherwise preventing individuals and business receiving payments from Monarch and Gitman and from transferring funds via wire and ACH transfer to and/or from the Plaintiffs. While Chase was blocking certain transfers to Monarch's account, Chase also permitted other transfers to clear into Monarch's account.

13.     Plaintiffs repeatedly contacted Chase to ascertain the reason(s) behind Chase's repeated rejections of the attempted transfers to and/or from the Plaintiffs.

14.     Notwithstanding Plaintiffs' repeated inquiries, Chase failed to provide a cognizable rationale for its repeated rejections.

15.     Upon further inquiry, Plaintiffs learned that Chase has been transmitting false information to Monarch's customers and Gitman's transferees, including, without limitation, falsely stating that that Monarch and/or Gitman are currently on the Office of Foreign Assets Control's ("OFAC's") ban list, sanctions lists, or another non-compliance lists together with other false allegations of purported criminal activity. Chase and its agents have also published and republished such false information internally and to third parties.

16.     Chase's rejections of wire and ACH transfers to and/or from Plaintiffs; Chase's publication of false information internally and to  third parties, which information is injurious to Plaintiffs' trade and profession; and Chase's failure to advise Plaintiffs of the issues that are preventing individuals and businesses from receiving or sending monies have significantly interfered with Plaintiffs' ability to transact business, have injured the Plaintiffs' reputation and goodwill, and have directly and proximately caused Plaintiffs to suffer substantial damages.

17.     Plaintiffs have retained the undersigned attorneys to prosecute this lawsuit on their behalf and are required to pay said attorneys a reasonable fee for their services.

18.     All conditions precedent to the institution and maintenance of this Action have been performed, excused or have otherwise occurred.

## Count I
### DEFAMATION (SLANDER)

19.     Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 18 as if fully set forth herein.

20.     Chase has made false statements about Plaintiffs to third parties, including, without limitation, falsely stating that Plaintiffs are on OFAC's ban list, sanctions lists, or another non-compliance lists together with other false allegations of purported criminal activity. Chase and its agents have also published and republished such false information internally and to third parties.

21.     Chase made the false statements with knowledge or reckless disregard as to their falsity, or at the very least Chase made the false statements negligently.

22.     Chase's false statements are defamatory *per se*, have significantly interfered with Plaintiffs' proper exercise of its lawful business, and have caused substantial harm to Plaintiffs' relationships with its customers. The false statements also tend to injure Plaintiffs in their trade and profession.

23.     As a direct and proximate result of Chase's defamatory statements, Plaintiffs have suffered substantial damages.

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully demand judgment against Defendant, JP MORGAN CHASE BANK, N.A. for (a) compensatory and consequential damages, (b) court costs, (c) pre- and post-judgment interest, and (d) any such other and further relief as this Court deems just and proper.

## Count II
### DEFAMATION (LIBEL)

24.     Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 18 as if fully set forth herein.

25.     Chase has made false statements about Plaintiffs in writing, including, without limitation, falsely stating that Plaintiffs are on OFAC's ban list, sanctions lists, or another non-compliance lists together with other false allegations of purported criminal activity. Chase and its agents have also published and republished, in writing, such false information internally and to third parties.

26.     Chase made the false statements with knowledge or reckless disregard as to their falsity, or at the very least Chase made the false statements negligently.

27.     Chase's false statements are defamatory *per se*, have significantly interfered with Plaintiffs' proper exercise of their lawful business, and have caused substantial harm to Plaintiffs' relationships with their customers. The false statements also tend to injure Plaintiffs in their trade and profession.

28.     As a direct and proximate result of Chase's defamatory statements, Plaintiffs have suffered substantial damages.

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully demand judgment against Defendant JP MORGAN CHASE BANK, N.A.  for (a) compensatory and consequential damages, (b) court costs, (c) pre- and post-judgment interest, and (d) any such other and further relief as this Court deems just and proper.

## Count III
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

29.     Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 18 as if fully set forth herein.

30.     Monarch has business relationships with many customers who have attempted to transfer funds to Monarch's account(s) in exchange for Monarch's services.

31.     Chase had knowledge of Monarch's business relationship with its customers.

32.     Chase intentionally and unjustifiably interference with Monarch's relationships with its customers by making false statements about Monarch to its customers, causing Monarch's customers to breach, terminate, and/or discontinue their business relationships with Monarch.

33.     As a direct and proximate cause of Chase's intentional interference and the ensuing breaches, terminations, and/or discontinuations of the business relationships between Monarch and its customers, Monarch has suffered substantial damages.

**WHEREFORE**, based on the foregoing, MONARCH AIR GROUP, LLC d/b/a MERCURY JETS, respectfully demands judgment against Defendant JP MORGAN CHASE BANK, N.A.  for (a) compensatory and consequential damages, (b) court costs, (c) pre- and post-judgment interest, and (d) any such other and further relief as this Court deems just and proper

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: October 29, 2021.

Respectfully submitted,

STOK KON + BRAVERMAN
*Attorneys for Plaintiffs*
One East Broward Blvd.
Suite 915
Fort Lauderdale, Florida 33301
P.954.237.1777
F.954.237.1737
Email: service@stoklaw.com

*/s/ Joshua R. Kon*
JOSHUA R. KON, ESQ.
Florida Bar No.: 56147
YOSEF KUDAN, ESQ.
Florida Bar No.: 1010261

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>Monarch Air Group, LLC d/b/a Mercury Jets, David Gitman</u>
Plaintiff                                                                 Case # _____
                                                                          Judge _____

vs.

<u>JP Morgan Chase Bank, N.A.</u>
 Defendant

---

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☒  $30,001- $50,000
- ☐  $50,001- $75,000
- ☐  $75,001 - $100,000
- ☐  over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☒ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
    (Specify)

    <u>3</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Robert A. Stok</u>        Fla. Bar # <u>857051</u>
        Attorney or party             (Bar # if attorney)

<u>Robert A. Stok</u>        <u>10/29/2021</u>
  (type or print name)        Date

IN THE CIRCUIT COURT FOR THE
SEVENTEENTH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

       Plaintiffs,

                               CASE NO.: CACE-21-019694

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

       Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint filed in this action, on Defendant, JP Morgan Chase Bank, N.A., by serving:

**JPMORGAN CHASE BANK, N.A.**
c/o  CT Corporation Systems
1200 S Pine Island Road, Plantation FL 33324

      Defendant is required to serve written defenses to the Complaint on Joshua R. Kon, Esq. and Yosef Kudan, Esq., Plaintiff's attorneys, whose address is: STOK KON + BRAVERMAN, One East Broward Boulevard, Suite 915, Fort Lauderdale, Florida 33301 within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Amended Complaint.

Dated:   NOV 02 2021 , 2021

                                    Clerk of the Court

                                    BY: _____
                                      As Deputy Clerk



BRENDA D. FORMAN

{00652907}

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.   If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you may also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.   Tiene veinte (20) días, contados a partir de la recepción de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.   Existen otros requisitos legales.   Si lo desea, puede usted consultar a un abogado inmediatamente.   Se no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.   Vous avez vingt (20) jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.   Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entede votre cause. Se vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocat, ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

{00652907}

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA**

Case No: _CACE-21-019694_

MONarch Air Group,
Plaintiff LLC

Judge Division: _05_

VS

JP MOrgan Chase
Defendant
BaNK, N.A.

F I L E D
NOV 0 1 2021
By _____

**CLERK'S CERTIFICATE OF COMPLIANCE**

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC:
**"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",**

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases:   NONE

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. CACE-21-019694

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
Liability company, and DAVID GITMAN,

       Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

       Defendant.

_____/

## **NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES**

Please take notice that the law firm of León Cosgrove LLP appears in this case as counsel for Defendant JPMorgan Chase Bank, N.A. All parties are requested to forward copies of all correspondence and pleadings to the undersigned counsel at the address listed below. In addition, all pleadings and papers in this action shall be served by e-mail under Fla. R. Jud. Admin. 2.516 to the following:

| | Primary e-mail address | Secondary e-mail address |
|---|---|---|
| Derek E. León, Esq. | dleon@leoncosgrove.com | eperez@leoncosgrove.com |
| John R. Byrne | jbyrne@leoncosgrove.com | anoonan@leoncosgrove.com |

Dated: November 18, 2021

Respectfully submitted,

s/ John R. Byrne
John R. Byrne
  Florida  Bar No. 126294
Derek E. León
  Florida Bar No. 625507
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975
Fascimile:  (305) 351-4029
Email:  jbyrne@leoncosgrove.com
Email:  dleon@leoncogrove.com
Email:  anoonan@leoncosgrove.com
Email:  eperez@leoncosgrove.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that November 18, 2021the forgoing was electronically filed

with the Clerk of the Courts using the Florida Courts E-Filing Portal, which will send a notice of

electronic filing.

Joshua R. Kon, Esq.
Yosef Kudan, Esq.
STOK KON + BRAVERMAN
One East Broward Blvd., Suite 915
Fort Lauderdale, FL 33301
Telephone: (954) 237-1777
Fascimile:  (954) 237-1737
Email:  service@stoklaw.com

*Counsel for Plaintiff*

s/ John R. Byrne
John R. Byrne

IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO. CACE-21-019694

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
Liability company, and DAVID GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

      Defendant.

_____/

## MOTION FOR ENLARGEMENT OF TIME

Defendant JPMORGAN CHASE BANK, N.A. ("JPMC"), by and through undersigned
counsel, respectfully requests an extension of time to respond to Plaintiffs' Complaint in the above-
referenced matter. In support, JPMC states the following:

1.     On November 4, 2021, Plaintiffs served JPMC with a copy of the Complaint in the
above-referenced matter.

2.     JPMC's response to the Complaint is currently due on November 24, 2021.

3.     Plaintiffs' Complaint contains allegations requiring investigation before JPMC can
form an appropriate response.

4.     Accordingly, JPMC is requesting a two-week enlargement of time to respond to the
Complaint, through and including December 8, 2021.

5.     On November 18, 2021, Counsel for JPMC emailed counsel for Plaintiffs to confer
about the relief requested, but, to date, Plaintiffs' counsel has not responded.

6.     This motion is made in good faith and not for the purpose of delay, and granting
the requested extension will not prejudice any party to this action.

WHEREFORE, JPMC respectfully requests this Court enter an order granting this motion

and providing JPMC a two-week enlargement, up to and including December 8, 2021  to respond

to JPMC, and such other relief as the Court deems just and proper.

Dated: November 19, 2021                      Respectfully submitted,

                                              s/ John R. Byrne
                                              Derek E. León
                                                Florida Bar No. 625507
                                              John R. Byrne
                                                Florida  Bar No. 126294
                                              **LEÓN COSGROVE, LLP**
                                              255 Alhambra Circle, 8th Floor
                                              Miami, Florida 33134
                                              Telephone: (305) 740-1975
                                              Fascimile:  (305) 351-4029
                                              Email:  jbyrne@leoncosgrove.com
                                              Email:  dleon@leoncogrove.com
                                              Email:  anoonan@leoncosgrove.com
                                              Email:  eperez@leoncosgrove.com

                                              *Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that November 19, 2021the forgoing was electronically filed

with the Clerk of the Courts using the Florida Courts E-Filing Portal, which will send a notice of

electronic filing.

Joshua R. Kon, Esq.
Yosef Kudan, Esq.
STOK KON + BRAVERMAN
One East Broward Blvd., Suite 915
Fort Lauderdale, FL 33301
Telephone: (954) 237-1777
Fascimile: (954) 237-1737
Email: service@stoklaw.com

*Counsel for Plaintiff*

*s/ John R. Byrne*
John R. Byrne

3

Case 0:21-cv-62429-WPD   Document 1-1   Entered on FLSD Docket 12/01/2021   Page 23 of 24

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO. <u>CACE21019694</u>   DIVISION <u>05</u>   JUDGE <u>Martin Bidwill</u>

**Monarch Air Group, LLC , et al**

Plaintiff(s) / Petitioner(s)

v.

**JPMorgan Chase Bank, N.A.**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME

**THIS CAUSE** came before the Court upon Defendant JPMorgan Chase Bank, N.A.'s

("JPMC" ) Motion for Enlargement of Time to respond to Plaintiff's Complaint.  The Court being

advised of the parties' agreement and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is hereby **GRANTED**.  JPMC shall have up

to and including December 8, 2021, to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>11-22-2021</u>.

CACE21019694 11-22-2021 4:54 PM

Hon. Martin Bidwill

**CIRCUIT JUDGE**

Electronically Signed by Martin Bidwill

**Copies Furnished To:**

DEREK E. LEON , E-mail : dleon@leoncosgrove.com

DEREK E. LEON , E-mail : eperez@leoncosgrove.com

John Richard Byrne , E-mail : jbyrne@leoncosgrove.com

John Richard Byrne , E-mail : anoonan@leoncosgrove.com

Joshua Kon , E-mail : service@stoklaw.com

Joshua Kon , E-mail : jkon@stoklaw.com

Joshua Kon , E-mail : gortiz@stoklaw.com

Robert A. Stok , E-mail : service@stoklaw.com

Robert A. Stok , E-mail : ssolis@stoklaw.com