UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MONARCH AIR GROUP, LLC d/b/a         Case No. 21-62429-CIV-DIMITROULEAS
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

    Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, MONARCH AIR GROUP, LLC ("Monarch"), a Florida limited liability company, and DAVID GITMAN, an individual ("Gitman") (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby file this Amended Complaint against Defendant, JPMORGAN CHASE BANK, N.A. ("Chase" or "Defendant"), a foreign profit corporation, seeking damages and injunctive relief.

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction under 28 U.S.C. §1332, as the Plaintiff is a foreign citizen, and the Defendant is a citizen of the State of Florida, and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

2. Venue is proper in the Southern District Court of Florida, Fort Lauderdale Division under 28 U.S.C. § 1446(a) as the District and Division to where this was pending when Chase removed this Action.

3. Plaintiff, MONARCH AIR GROUP, LLC, d/b/a MERCURY JETS, is a Florida limited liability company with its principal place of business in Broward County, Florida, and is a Florida citizen.

4. Plaintiff, DAVID GITMAN, is a sui juris individual doing business in Broward County, Florida, and is a citizen of Florida.

5. Defendant, JPMORGAN CHASE BANK, N.A., is a citizen of Ohio.

6. All conditions precedent to the institution, maintenance, and prosecution of this lawsuit have been performed, excused, waived, or have otherwise occurred.

## GENERAL ALLEGATIONS

7. Monarch is in the business of (a) providing on-demand, private aircraft charter services in Florida and across the globe; (b) providing aircraft management services to aircraft and fleet owners; (c) providing mission critical supplies to United States and non-governmental entities throughout the world; (d) providing aircraft acquisition and management services; and (e) providing specialized aviation solutions.

8. Accordingly, Monarch transacts business with customers throughout the United States and the world.

9. Monarch owns and controls several bank accounts for the purposes of transacting business with its customers. Gitman is a principal of Monarch and also owns and controls bank accounts for purposes of transacting business and paying non-commercial expenses. Monarch accepts payments from its customers via wire and automated clearing house ("ACH") transfers in exchange for Monarch's services.

10. Chase is one of the largest consumer banks in the world with over 5,100 branches in the United States alone.

11. Many of Monarch's customers hold, own bank accounts at, and conduct their consumer banking affairs with Chase. Many of the individuals and businesses to who Gitman must process payments also own bank accounts and conduct their consumer banking affairs with Chase.

12. Beginning in or around September 2020, Chase began rejecting, cancelling, and otherwise preventing individuals and business receiving payments from Monarch and Gitman and from transferring funds via wire and ACH transfer to and/or from the Plaintiffs. While Chase was blocking certain transfers to Monarch's account, Chase also permitted other transfers to clear into Monarch's account.

13. Plaintiffs repeatedly contacted Chase to ascertain the reason(s) behind Chase's repeated rejections of the attempted transfers to and/or from the Plaintiffs.

14. Notwithstanding Plaintiffs' repeated inquiries, Chase failed to provide a cognizable rationale for its repeated rejections.

15. Upon further inquiry, Plaintiffs learned that Chase has been transmitting false information to Monarch's customers and Gitman's transferees, including, without limitation, falsely stating that that Monarch and/or Gitman are currently on the Office of Foreign Assets Control's ("OFAC's") ban list, sanctions lists, or another non-compliance lists together with other false allegations and/or implications of purported criminal, risky, untrustworthy or other nefarious activity. Chase and its agents have also published and republished such false information internally and to third parties.

16. Specifically, Chase, through written and electronic communications told the following customers[1] that Monarch and/or Gitman are currently on the Office of Foreign Assets Control's ("OFAC's") ban list, sanctions lists, or another non-compliance lists:

---

[1] Plaintiffs set out the names of their customers by initials and will provide the full names to Defendant upon the entry of a confidentiality order. Plaintiffs conferred with Defendant about this process.

    a. P.T. 4/21/2021

    b. J.H. 3/22/2021

    c. V.V. 3/17/2021

    d. P.Z. 4/14/2021

    e. S.N. 1/5/2021

17. Specifically, Chase made false and defamatory statements to the following Monarch customers:

    a. S.R. 7/20/2021 "sending money to Monarch is risky and indicates that Monarch is not trustworthy"

    b. A.A. 7/16/2021 "wire put on hold due to technical or money laundering suspicion"

    c. M.F. 4/2/2021 Chase Banker told customer "Wire could not be processed because [Monarch] dealt with an OFAC country at some point. Those are countries like North Korea, Syria, etc. that are on a US list of countries not to do business with."

    d. M.B. 4/14/2021 "Monarch has compliance issues"

    e. S.E. 4/24/2021 "'Monarch Air' was flagged for having sanctions with the government. This Company was flagged for being 'against compliance.'"

18. Upon information and belief, Chase made additional defamatory statements, both orally and in writing, that, without the benefit of discovery, Plaintiffs are unable to assert with more particularity. The sum and substance of the statements was that Plaintiffs are on sanction(s) lists because of criminal activity or are engaging in other suspicious business activities, all of which are absolutely false. Chase is in possession, custody, and control of the documents and records that Plaintiffs need to sufficiently identify additional instances of libel and slander.

19.     Chase's rejections of wire and ACH transfers to and/or from Plaintiffs; Chase's publication of false information internally and to third parties, which information is injurious to Plaintiffs' trade and profession; and Chase's failure to advise Plaintiffs of the issues that are preventing individuals and businesses from receiving or sending monies have significantly interfered with Plaintiffs' ability to transact business, have injured the Plaintiffs' reputation and goodwill, and have directly and proximately caused Plaintiffs to suffer substantial damages.

20.     Plaintiffs have retained the undersigned attorneys to prosecute this lawsuit on their behalf and are required to pay said attorneys a reasonable fee for their services.

21.     All conditions precedent to the institution and maintenance of this Action have been performed, excused or have otherwise occurred.

**Count I**
**DEFAMATION (SLANDER)**

22.     Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 21 as if fully set forth herein.

23.     Chase has made false statements about Plaintiffs to third parties, including, without limitation, falsely stating that Plaintiffs are on OFAC's ban list, sanctions lists, or another non-compliance lists together with other false allegations of purported criminal activity. Chase and its agents have also published and republished such false information internally and to third parties.

24.     Chase made the false statements with knowledge or reckless disregard as to their falsity, or at the very least Chase made the false statements negligently, because Chase confirmed that Plaintiffs were not subject to sanctions or on any OFAC sanctions list before making those false and defamatory statements to Plaintiff's customers.

25.     Chase's false statements are defamatory *per se*, have significantly interfered with Plaintiffs' proper exercise of its lawful business, and have caused substantial harm to Plaintiffs'

relationships with its customers. The false statements also tend to injure Plaintiffs in their trade and profession.

26. As a direct and proximate result of Chase's defamatory statements, Plaintiffs have suffered substantial damages.

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully demand judgment against Defendant, JP MORGAN CHASE BANK, N.A. for (a) compensatory and consequential damages, (b) court costs, (c) pre- and post-judgment interest, and (d) any such other and further relief as this Court deems just and proper.

### Count II
### DEFAMATION (LIBEL)

27. Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 21 as if fully set forth herein.

28. Chase has made false statements about Plaintiffs in writing, including, without limitation, falsely stating that Plaintiffs are on OFAC's ban list, sanctions lists, or another non-compliance lists together with other false allegations of purported criminal activity. Chase and its agents have also published and republished, in writing, such false information internally and to third parties.

29. Chase made the false statements with knowledge or reckless disregard as to their falsity, or at the very least Chase made the false statements negligently because Chase confirmed that Plaintiffs were not subject to sanctions or on any OFAC sanctions list before making those false and defamatory statements to Plaintiff's customers.

30. Chase's false statements are defamatory *per se*, have significantly interfered with Plaintiffs' proper exercise of their lawful business, and have caused substantial harm to Plaintiffs'

relationships with their customers. The false statements also tend to injure Plaintiffs in their trade and profession.

31. As a direct and proximate result of Chase's defamatory statements, Plaintiffs have suffered substantial damages.

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully demand judgment against Defendant JP MORGAN CHASE BANK, N.A. for (a) compensatory and consequential damages, (b) court costs, (c) pre- and post-judgment interest, and (d) any such other and further relief as this Court deems just and proper.

### Count III
### DEFAMATION BY IMPLICATION

32. Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 21 as if fully set forth herein.

33. Chase published information about Plaintiffs to its customers and prospective customers, as set out in the general allegations by juxtaposing and/or conveying incomplete information and/or omitting facts so as to imply a defamatory connection between Plaintiffs and the OFAC sanctions list, and thereby, falsely implying that Plaintiffs were subject to sanctions from the United States government.

34. Chase made the false statements with malice and knowledge or reckless disregard as to their falsity as Chase has confirmed that Plaintiffs' wires and transactions were not denied because of any OFAC or other sanctions concerns.

35. As a direct and proximate result of Chase's defamatory statements, Plaintiffs have suffered substantial damages.

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully demand judgment against Defendant JP MORGAN CHASE BANK, N.A. for (a) compensatory and consequential damages,

(b) court costs, (c) pre- and post-judgment interest, and (d) any such other and further relief as this Court deems just and proper.

## Count IV
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

36. Plaintiffs reallege and reincorporate the allegations in paragraphs 1 through 21 as if fully set forth herein.

37. Monarch has business relationships with many customers, specifically identified in paragraphs 16-17 who have attempted to transfer funds to Monarch's account(s) in exchange for Monarch's services, such as charter flights.

38. Chase had knowledge of Monarch's business relationship with its customers from Monarch's customers and potential customers initiating wire transfers to pay for Monarch's services.

39. Chase intentionally and unjustifiably interference with Monarch's relationships with its customers by falsely stating to its customers that Monarch was the subject of sanctions or on the OFAC sanctions list, when Chase knew that Monarch was not on any OFAC sanctions list, causing Monarch's customers to breach, terminate, and/or discontinue their business relationships with Monarch because Monarch's customer and prospective customers did not want to conduct business with Monarch based on Chase's false claims that Monarch was sanctioned by the United States government, as they informed Monarch.

40. As a direct and proximate cause of Chase's intentional interference and the ensuing breaches, terminations, and/or discontinuations of the business relationships between Monarch and its customers, Monarch has suffered substantial damages.

**WHEREFORE**, based on the foregoing, MONARCH AIR GROUP, LLC d/b/a MERCURY JETS, respectfully demands judgment against Defendant JP MORGAN CHASE

BANK, N.A. for (a) compensatory and consequential damages, (b) a preliminary and permanent injunction (c) court costs, (d) pre- and post-judgment interest, and (e) any such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: January 21, 2022.

    Respectfully submitted,
    **STOK KON+ BRAVERMAN**

    Attorneys for Plaintiffs
    One East Broward Boulevard
    Suite 915
    Fort Lauderdale, Florida 33301
    Tel.: (954) 237-1777
    Fax: (954) 237-1737
    Email: jkon@stoklaw.com
    Secondary: service@stoklaw.com

    BY: /s/ *Joshua R. Kon, Esq.*
    JOSHUA R. KON, ESQ.
    Florida Bar No. 56147
    (jkon@stoklaw.com)
    YOSEF KUDAN, ESQ.
    Florida Bar No. 1010261
    (ykudan@stoklaw.com)

*Amended Complaint*
*Page 10 of 10*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via the CM/ECF filer on this 21st day of January 2022, on all parties and counsel of record: LEÓN COSGROVE, LLP 255 Alhambra Circle, 8th Floor Miami, Florida 33134, Derek E. León, Esq.  dleon@leoncogrove.com; jbyrne@leoncosgrove.com; eperez@leoncosgrove.com; anoonan@leoncosgrove.com.