UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

Case No.: 21-cv-62429-WPD

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

    Plaintiffs,
v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

    Defendant.
_____/

**JPMORGAN CHASE BANK, N.A.'S ANSWER
AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant JPMorgan Chase Bank, N.A. ("JPMC") files its Answer and Affirmative Defenses to the Amended Complaint in this action [ECF No. 21], and states as follows:

**ANSWER**

**JURISDICTION AND VENUE**

1. JPMC admits that the Court has subject matter jurisdiction over this action. Otherwise, JPMC denies the allegations in paragraph 1.

2. For venue purposes only, JPMC admits the allegations in paragraph 2.

3. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 3 and, therefore, denies the allegations.

4. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 4 and, therefore, denies the allegations.

5. JPMC admits the allegations in paragraph 5.

6. JPMC denies the allegations in paragraph 6.

## GENERAL ALLEGATIONS

7. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 7 and, therefore, denies the allegations.

8. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 8 and, therefore, denies the allegations.

9. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 9 and, therefore, denies the allegations.

10. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 10 and, therefore, denies the allegations.

11. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 11 and, therefore, denies the allegations.

12. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 12 and, therefore, denies the allegations.

13. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 13 and, therefore, denies the allegations.

14. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 14 and, therefore, denies the allegations.

15. JPMC denies the allegations in paragraph 15.

16. The allegations in paragraph 16 fail to provide the identity of any customers, making it impossible to either admit or deny the allegations at the present juncture. Therefore, JPMC denies the allegations in paragraph 16 and its subparts.

17. The allegations in paragraph 17 fail to provide the identity of any customers, making it impossible to either admit or deny the allegations at the present juncture. Further, the allegations in paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 17 and its subparts.

18. The allegations in paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 18.

19. JPMC denies the allegations in paragraph 19.

20. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 20 and, therefore, denies the allegations.

21. JPMC denies the allegations in paragraph 21.

**Count I**
**DEFAMATION (SLANDER)**

22. JPMC incorporates by reference its responses to the allegations set forth in paragraphs 1 through 21 above.

23. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 23 and, therefore, denies the allegations.

24. The allegations in paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 24.

25. JPMC denies the allegations in paragraph 25.

26. JPMC denies the allegations in paragraph 26.

Plaintiffs' prayer for relief contains no allegations and, therefore, no response is required. To the extent a response is required, JPMC denies the allegations and the prayer for relief.

## Count II
## **DEFAMATION (LIBEL)**

27. JPMC incorporates by reference its responses to the allegations set forth in paragraphs 1 through 21 above.

28. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 28 and, therefore, denies the allegations.

29. The allegations in paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 29.

30. JPMC denies the allegations in paragraph 30.

31. JPMC denies the allegations in paragraph 31.

Plaintiffs' prayer for relief contains no allegations and, therefore, no response is required. To the extent a response is required, JPMC denies the allegations and the prayer for relief.

## COUNT III
## **DEFAMATION BY IMPLICATION**

32. JPMC incorporates by reference its responses to the allegations set forth in paragraphs 1 through 21 above.

33. The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, JPMC denies the allegations in paragraph 33.

34. JPMC denies the allegations in paragraph 34.

35. JPMC denies the allegations in paragraph 35.

Plaintiffs' prayer for relief contains no allegations and, therefore, no response is required. To the extent a response is required, JPMC denies the allegations and the prayer for relief.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

36. JPMC incorporates by reference its responses to the allegations set forth in paragraphs 1 through 21 above.

37. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 37 and, therefore, denies the allegations.

38. JPMC is without sufficient knowledge to admit or deny the allegations in paragraph 38 and, therefore, denies the allegations.

39. JPMC denies the allegations in paragraph 39.

40. JPMC denies the allegations in paragraph 40.

Plaintiffs' prayer for relief contains no allegations and, therefore, no response is required. To the extent a response is required, JPMC denies the allegations and the prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Truth or Substantial Truth)

The Plaintiffs cannot prevail on their claims because some or all of the statements allegedly made by JPMC were true or substantially true.

### Second Affirmative Defense
### (Qualified Privilege)

The Plaintiffs cannot prevail on their claims because any verbal or written statements by JPMC were made pursuant to a qualified privilege. Under Florida law, "[t]he essential elements of a qualified privilege include: (1) good faith; (2) an interest in the subject by the speaker or a subject in which the speaker has a duty to speak; (3) a corresponding interest or duty in the listener or reader; (4) a proper occasion; and (5) publication in a proper manner." *Falic v. Legg Mason*

*Wood Walker*, Inc., 347 F. Supp. 2d 1260, 1264 (S.D. Fla. 2004).  Given the allegations of the Amended Complaint, the qualified privilege applies.

First, JPMC spoke or wrote in good faith because, according to the alleged statements, JPMC expressed concern about the trustworthiness or legally compliant nature of Monarch Air Group ("Monarch Air") and/or David Gitman ("Gitman").

Second, based on the allegations in the Amended Complaint, JPMC clearly had an interest in the subject of the statements.  As alleged by Plaintiffs, JPMC "is one of the largest consumers banks in the world" and one whose own customers allegedly do business with Monarch Air and/or Gitman.  Most critically, JPMC allegedly wrote or spoke to a narrow subset of persons, namely, customers of Monarch Air who were banking (or attempting to bank)—*through* JPMC—with either Monarch Air and/or Gitman.  Under these circumstances, JPMC's interest in the trustworthiness or legally compliant nature of Monarch Air and/or Gitman is readily apparent.

Third, the "listener[s] or reader[s]" had "a corresponding interest" in the subject of the statements.  According to the Plaintiffs, these listeners or readers were customers of Monarch Air and/or Gitman who were attempting to bank with Monarch Air and/or Gitman.  Such persons would have had an obvious interest in the trustworthiness or legally compliant nature of Monarch Air and/or Gitman.

Fourth, JPMC spoke or wrote on a "proper occasion."  Again, JPMC was speaking or writing to Monarch Air customers who were banking (or attempting to bank) with either Monarch Air and/or Gitman through JPMC.

Fifth, and finally, JPMC spoke or wrote in a "proper manner."  The Amended Complaint does not allege that JPMC widely broadcasted its alleged statements to large groups of people.  To

the contrary, it alleges that JPMC made ten discrete statements to ten different Monarch Air customers over the course of six-plus months.

### Third Affirmative Defense
### (Plaintiffs are Defamation-Proof)

The Plaintiffs cannot prevail on their claims because they are defamation-proof. Specifically, the Plaintiffs allege that JPMC made approximately ten false and defamatory statements about them, with the first occurring on January 5, 2021 and the last on July 20, 2021. Before JPMC made these statements, multiple news outlets had published stories about Monarch Air. First, on March 14, 2019, a publicly accessible website titled "The Stern Facts" published an article alleging that "Monarch Air is allegedly a Russian mob front" and that persons used "Monarch to funnel money and drugs on behalf of the Russian Mafia." Second, on November 27, 2020, a publicly accessible website titled "Organized Crime and Corruption Reporting Project" published a lengthy article titled, "Flight of the Monarch: US Gov't Contracted Airline Once Owned by Criminals with Ties to Russian Mob" about Monarch Air. That article alleged, among other things, (1) that Monarch Air "was once part-owned by two men who worked with a major Russian-American organized crime group"; (2) that in 2017, Jacob Gitman, whom the article identified as David Gitman's father and a prior owner of 90 percent of Monarch Air, "was found liable in a civil lawsuit of misleading investors about technology, expertise, and potential profits from an operation to supposedly convert used tires into fuel"; and (3) that Monarch Air's "air carrier certificate was revoked in February 2018."

Given the representations in these articles, which remained publicly accessible as of the date of this filing, JPMC's alleged statements could not have caused Monarch Air any further reputational harm.

**Fourth Affirmative Defense**
**(Mitigation of Damages)**

The Plaintiffs' damages are barred in whole or in part by their failure to mitigate damages.

**Fifth Affirmative Defense**
**(Limitation of Damages)**

The Plaintiffs' claims for consequential, or any indirect or special damages, are barred by Monarch Air Group, LLC's deposit agreement with JPMC. Under that deposit agreement, the Plaintiffs agreed that "[JPMC] WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES."

**Sixth Affirmative Defense**
**(Conduct Permitted by Agreement)**

The Plaintiffs' claims for any damages suffered in connection with any blocking of transactions or any closing of accounts are barred by Monarch Air Group, LLC's deposit agreement with JPMC. Under the deposit agreement, the Plaintiffs agreed that JPMC may (1) "decline or prevent any or all transactions to or from your account"; (2) "refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from your account"; and (3) "close your account (other than a CD) at any time for any reason or no reason without prior notice."

**Seventh Affirmative Defense**
**(Causation)**

The Plaintiffs' claims against JPMC are barred, in whole or in part, because any damages allegedly suffered by Plaintiffs were the result, in whole or in part, of Plaintiffs' own legal fault or the fault of third parties over which JPMC has no control.

**JPMC'S RIGHT TO AMEND**

JPMC reserves the right to amend its affirmative defenses.

## **CONCLUSION**

WHEREFORE, JPMC prays as follows:

1. That judgment be entered in favor of JPMC and against Plaintiffs;

2. That this honorable Court award JPMC such other relief as it deems just and proper.

Dated: February 18, 2022

Respectfully submitted,

**Derek E. León**
Derek E. León
  Florida Bar No. 625507
John R. Byrne
  Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: 305.740.1975
Facsimile: 305.351.4059
Email: dleon@leoncosgrove.com
Email: jbyrne@leoncosgrove.com
*Counsel for JPMorgan Chase Bank, N.A.*