UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

MONARCH AIR GROUP, LLC d/b/a                CASE NO.: 21-cv-62429-WPD
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

      Defendant.
_____/

**PLAINTIFFS' MOTION REGARDING PAGE LIMITS FOR THEIR
MOTIONS FOR RELIEF FROM JUDGMENT UNDER RULES 59 AND 60**

      Plaintiffs, Monarch Air Group, LLC d/b/a Mercury Jets, a Florida limited liability company ("Monarch") and David Gitman ("Gitman"), hereby file this Motion seeking guidance from the Court regarding the briefing on their motions to rehear, amend, alter and vacate Judgment [DE 206] secured by Defendant, JPMorgan Chase Bank, N.A. ("Chase") under the Federal Rules of Civil Procedure 59 and 60.

      1.    Plaintiffs intend to exercise their rights under Fed.R.Civ.P. 59 ("Rule 59 Motion") and Fed.R.Civ.P. 60 ("Rule 60 Motion") to provide them relief from the Judgment. At the same time, because even the evidence gathered to date provides a "colorable" basis for Rule 60 relief (to say the absolute least), Plaintiffs intend to file a motion seeking tailored discovery to ferret out the full breath of Chase's fraud, misrepresentations and misconduct that caused the Judgment. *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 314 (S.D.N.Y. 2003) (allowing post-judgment discovery and explaining that "even an accidental failure to disclose or produce materials requested in discovery can constitute 'misconduct' within the purview of Rule 60(b)(3).") (collecting cases).

      2.    Under Local Rule 7.1(c)(2), a motion and its incorporated memorandum can be 20 pages long and a reply memorandum can be 10 pages long. Thus, if the Rule 59 Motion and Rule 60 Motion were filed separately, Plaintiffs would be entitled to 40 pages of total briefing for the motions and 20 pages for the replies. However, because of the interrelated nature of the

Rule 59 Motion and Rule 60 Motion, Plaintiffs believe that is may be more efficient to combine the briefing such that Plaintiffs would file a combined Rule 59 and Rule 60 Motion with no more than 30 pages, Chase can file a combined Response up to 30 pages, and Plaintiffs can file a combined Reply no more than 15 pages.

3.  There are a number of factors that weigh in favor of combined briefing. To begin with, a Rule 59 Motion and Rule 60 Motion can focus the Court on new or withheld evidence. *Fresenius Vascular Care, Inc. v. Oakland Park Med. Properties, LLC*, 2022 WL 17583574, at *1 (S.D. Fla. Nov. 17, 2022); *Gundotra v. U.S. Dept. of I.R.S.*, 160 Fed. Appx. 834, 836 (11th Cir. 2005). Further, the factual and procedural background for both the Rule 59 and Rule 60 Motion, which in this case will be the largest part of the briefing, will be the same. In addition, both a Rule 59 and Rule 60 Motion ask the Court to evaluate the new or withheld evidence in light of the legal and factual issues in play. *Id.* Thus, there will be considerable overlap and cross-referencing between the various arguments.

4.  On the other hand, there are also factors that may weigh in favor of separate briefing. For example, while a Rule 59 Motion must demonstrate strongly convincing issues of law or disputed issues of fact that would have changed the result, a Rule 60 movant "need not demonstrate that the result of the former proceedings would be different in order to show that he was precluded from a full and fair hearing—he need only show that he was prevented from fully and fairly presenting his case or that the new evidence would have allowed him to re-shape his case, including the form it would have been in upon appeal." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, 2008 WL 11399608, at *6 (S.D. Fla. May 13, 2008) (citations omitted).

5.  On balance, Plaintiffs submit that combined briefing will streamline the process, avoid unnecessary redundancies, and save the Court from having to teeter between two separate but related motions for relief from the Judgment, to reach a cohesive and consistent result. During Plaintiffs' pre-filing good faith conferrals with Chase, while Chase originally appeared to agree with the wisdom of combined briefing on the phone, Chase's final position was an unelaborated email opposing the page proposal above. Because no prejudice will occur from combined briefing – on the contrary, it will assist both the parties and the Court in efficiently resolving these matters – Plaintiffs respectfully request that the Court grant this Motion.

**WHEREFORE**, Plaintiffs, Monarch Air Group, LLC, and David Gitman, respectfully ask the Court to allow Plaintiffs to file a combined Rule 59 and 60 Motion no more than 30

pages, Defendant to file a combined Response up to 30 pages, and Plaintiffs to file a combined Reply for no more than 15 pages.

<u>Certificate of Conferral</u>: Plaintiffs' counsel certifies that they conferred with Chase's counsel in a good-faith effort to resolve the issues raised in this motion but were unable to do so.

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via the CM/ECF filer on **May 25, 2023**, on all parties and counsel of record: Derek E. León, Esq., dleon@leoncogrove.com; Benjamin Weinberg, Esq., bweinberg@leoncosgrove.com, eperez@leoncosgrove.com; Sofia Manzo, Esq., smanzo@leoncosgrove.com, aquezada@leoncosgove.com; LEÓN COSGROVE, LLP 255 Alhambra Circle, 8th Floor Miami, Florida 33134.

Respectfully submitted,

_____

*/s/Joshua R. Kon, Esq.*
Robert A. Stok
 Florida Bar No. 857051
Joshua R. Kon
 Florida Bar No. 56147
Yosef Kudan
 Florida Bar No. 1010261
**STOK KON + BRAVERMAN**
One East Broward Boulevard, Suite 915
Fort Lauderdale, Florida 33301
Telephone: (954) 237.1777
Fax: (954) 237.1737
Email: rstok@stoklaw.com
Email: jkon@stoklaw.com
Email: ykudan@stoklaw.com
Secondary: service@stoklaw.com

*Counsel for Plaintiffs Monarch Air Group, LLC and David Gitman*