# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

Case No.: 21-cv-62429-WPD

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

      Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR DISCOVERY TO SUPPORT THEIR MOTION FOR RELIEF FROM JUDGMENT

Defendant JPMorgan Chase Bank, N.A. ("Chase") opposes Plaintiffs' Motion for Discovery to Support Their Motion for Relief from Judgment (DE 213, "Discovery Motion"), and states as follows.

## I. Introduction

Plaintiffs seek the extraordinary relief of post-judgment discovery, but have no cognizable grounds for such relief, and in any event the discovery they seek is irrelevant to the ultimate issue decided by this Court—that the alleged defamatory statements were protected by Florida's qualified privilege, and Plaintiffs failed to offer <u>any evidence</u> that the statements were made with express malice, as required to overcome the privilege. Plaintiffs' Motion for Relief from Judgment (DE 212, "Motion for Relief"), which the Discovery Motion ostensibly seeks discovery to support, is based upon alleged "discovery misconduct," which has nothing to do with whether the statements were made with express malice. Plaintiffs' attempt to reopen the issue must be denied.

The only case Plaintiffs cite from this Circuit as authority for their Discovery Motion actually denied the request for discovery because the movant failed to make a colorable claim of fraud on the court—a burden Plaintiffs likewise cannot meet. Plaintiffs principally focus on Chase's identification of a subpoena from the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Subpoena") as a trial exhibit in this case, which Plaintiffs opposed. Plaintiffs' arguments regarding this Subpoena are the <u>exact same arguments</u> they made in their Second Motion for Sanctions (DE 170, "Sanctions Motion"). Critically, the Court disallowed use of the exhibit but expressly ruled that <u>Chase did not act "willfully or in bad faith," finding "no evidence" that a "fraud has been practiced upon [the Court]."</u> Plaintiffs cite no new facts or law that would lead the Court to reverse its prior decision. Because the Court already has ruled that no fraud on the Court occurred, Plaintiff cannot meet the standard for post-judgment discovery.

Further, the information Plaintiffs seek through post-judgment discovery was previously disclosed and irrelevant to the question of express malice. Apart from the Subpoena, Plaintiffs make half-hearted arguments about round-number transactions and "recently discovered political bias." In its ruling on the Sanctions Motion, the Court held that Chase's analysis of round-number transactions was <u>previously disclosed</u> in testimony by Chase's corporate representative. Plaintiffs made no further inquiry on the topic during discovery, and were not prevented from doing so. Regarding so-called "recently discovered political bias," Plaintiffs refer to "non-redacted portions of Chase's AML Interdiction List," which was among the first documents produced in this case. Plaintiff had months

to take discovery on this issue, including depositions of Chase witnesses, but no direct questioning occurred.

As for the Subpoena, in ruling on the Sanctions Motion the Court ruled that prohibiting its use at trial "remedie[d] any potential prejudice that the Plaintiffs may have suffered." Indeed, Plaintiffs' Sanctions Motion made no mention of any prejudice relating to Chase's then-pending Motion for Summary Judgment (DE 90, 93 (sealed)), much less any suggestion that the Subpoena, or discovery regarding the Subpoena, could help them avoid a ruling against them. They cannot now persuasively complain, post-judgment, that the Subpoena, or additional evidence regarding the Subpoena, might have helped them to avoid summary judgment. Nor can they, or do they, explain how a Subpoena received by Chase from a third party could have any impact on Chase's motives in making privileged statements about cancelled transactions. To be sure, as the Court held in granting summary judgment to Chase, it is undisputed that Chase made the alleged defamatory statement—"We are unable to execute your transaction due to Sanctions and/or Internal JPMC Policy"—"pursuant to Chase's standard operating processes." Plaintiffs do not suggest they will be able to dispute that fact through additional discovery. And the applicable standard processes do not, and cannot, account for personal feelings (if there were any). To establish express malice, Plaintiffs must prove that the alleged defamatory statements were made to gratify Chase's malevolence, with the primary motive of injuring, ill will, hostility and an evil intention to defame Plaintiffs personally.

As such, also, to the extent Plaintiffs argue that the purported discovery misconduct about which they complain itself establishes express malice, it occurred after the alleged defamatory statement was made, so cannot be a basis to set aside the Court's ruling regarding qualified privilege.

Simply put, Plaintiffs do not and cannot make a colorable claim of fraud on the court and, in any event, they seek discovery on issues that are legally irrelevant to the Court's ruling that Chase's communications were protected by Florida's qualified privilege. The Court correctly decided the legal issue regarding privilege, and Chase respectfully requests that the Court deny Plaintiffs' motion for post-judgment discovery.

## II.   Factual Background and Procedural History

In mid-2020, Chase's Global Payments Anti-Money Laundering ("AML") Oversight Committee placed Plaintiffs Monarch Air Group, LLC ("Monarch ") and David Gitman ("Gitman"), Monarch's owner, on an internal AML interdiction list in accordance with its procedures. Plaintiffs complain and purport to have suffered harm because, upon being placed on the interdiction list, Chase was unable to execute certain wire transactions to Monarch from or through Chase accounts. But

Chase's placement of Monarch on its internal AML interdiction list was perfectly lawful, and Plaintiffs brought no claim here based thereon.[1] Instead, Plaintiffs attempted to recover from Chase through claims for defamation based on statements Chase made to its accountholders regarding the cancelled wire transactions. The alleged defamatory statement was, "We are unable to execute your transaction due to Sanctions and/or Internal JPMC Policy."

On May 12, 2023, the Court entered its Order granting Chase's Motion for Summary Judgment (DE 205) because the alleged defamatory statements were "privileged," and "Plaintiffs have failed to meet their burden to show express malice," as required to overcome the privilege. The Court entered a Final Judgment in Chase's favor (DE 206) the same day. On June 7, 2023, Plaintiffs filed their Motion for Relief and Discovery Motion.

### III.   Argument

"The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments" and post-judgment discovery is rarely permitted. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Plaintiffs have identified but two cases they claim support post-judgment discovery in this case—*Keelan v. United States*, No. 12-CR-20496, 2022 WL 990627 (S.D. Fla. Apr. 1, 2022) and *Catskill Development., LLC v. Park Place Entertainment Corp*. 286 F. Supp. 2d 309 (S.D.N.Y. 2003)—neither of which is applicable or persuasive. *See* DE 213 at 2.

In *Keelan*, the Court considered a request for post-judgment discovery in connection with a motion brought under Rule 60(d)(3),[2] and Magistrate Goodman noted, "other circuits have held that courts may permit discovery to unearth evidence of fraud on the court." *Keelan*, 2022 WL 990627, at *2. "Such discovery has been permitted" however "only where there is at least some showing of fraud." *Id.* (citing *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 7–8 (1st Cir. 1999) (denying post-judgment request for discovery under Rule 37, not Rule 60)). Magistrate Goodman determined that Keelan failed to make a "colorable" claim of fraud on the court, and therefore denied the request for discovery. *Id.* at 2–3 ("Keelan has not made a 'colorable' claim of fraud. His contentions are based on allegedly inconsistent evidence, *Brady* material, and improper comments by the Government. This is insufficient to meet Rule 60(d)(3)'s definition of fraud. . . .") (citing *Baker*

---

[1]   On April 26, 2023, on the eve of trial in this case, Plaintiffs filed a separate, entirely meritless, action complaining about their placement on Chase's internal interdiction list. *See Monarch Air Group, LLC v. JP Morgan Chase Bank, N.A.*, Case No. 23-cv-60770.

[2]   Rule 60(d)(3), titled "Other Powers to Grant Relief," states that "[t]his rule does not limit a court's power to: . . . set aside a judgment for fraud on the court."

3

*v. United States*, 791 F. App'x 884, 885 (11th Cir. 2020) (allegations that "prosecutor had committed a fraud on the court by withholding information concerning witness perjury and by using 'lies' told by the victim" did not constitute fraud under Rule 60(d)(3))). Plaintiffs cite no case from the Eleventh Circuit permitting post-judgment discovery.

In *Catskill*, the court in New York permitted a "brief opportunity" to conduct limited and targeted post-judgment discovery on six previously undisclosed audio tapes containing discussions about the contract in dispute. *Catskill*, 286 F. Supp. 2d at 320. The court held that such limited and targeted discovery was warranted because the movant otherwise would have been "precluded from fully and fairly presenting their case on the question that proved dispositive." *Id.*

In sum, *Keelan* and *Catskill* suggest that discovery may be warranted where the movant presents a colorable claim of fraud on the court, or where the movant was precluded by non-disclosure from fully and fairly presenting their case on the question that proved dispositive. But here, the Court has already decided there was no fraud on the court. And the record makes clear, Plaintiffs were not precluded by non-disclosure from fully and fairly presenting their case on the dispositive question— namely, whether the alleged defamatory statement, "We are unable to execute your transaction due to Sanctions and/or Internal JPMC Policy," was made with express malice.

A.  **The Court has already decided there was no fraud on the Court.**

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which the attorney is implicated, will constitute a fraud on the court." *Keelan*, 2022 WL 990627, at *2 (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.*; *see also Morsch v. JP Morgan Chase Bank N.A.*, 829 F. App'x 903, 905 (11th Cir. 2020) (holding false statements to the court did not support a Rule 60(b)(3) motion because the movant "ha[d] shown neither that [non-movant] intentionally fabricated evidence nor that one of its attorneys was implicated in such a fraud").

Plaintiffs allege, based on rank speculation, that Chase "lied to the Plaintiffs and the Court— falsely withholding information and redacting documents based on a made-up SAR Privilege." DE 212 at 4; *see id.* at 13 ("[T]his representation to the Plaintiffs and the Court was absolutely false; the redactions and documents did not relate to SARs."); DE 213 at 1 ("Plaintiffs ask the Court [to] review Chase's redacted documents, in camera, because they were redacted based on a made up SARs privilege"). More specifically, Plaintiffs claim Chase "lied" about a "made-up SAR Privilege" to

4

conceal the Subpoena, and an analysis of round-number transactions involving Plaintiffs' accounts. *See* DE 213 at 1. The Subpoena, a copy of which is attached as Exhibit A, was issued by



*See id.* Plaintiffs argue, "the now-disclosed ▇▇▇▇ Subpoena and Round Numbers Proffer confirm" somehow that Chase's redactions were "lies." DE 212 at 26.

Portions of Chase's document production, hereinafter referred to as the "Confidential SAR Privileged Material," were, in fact, redacted pursuant to the BSA and its implementing regulations. *See* 31 U.S.C. § 5318 *et seq.*; 12 C.F.R. § 21.11(k) ("A SAR, and any information that would reveal the existence of a SAR, are confidential, and shall not be disclosed . . ."); 31 C.F.R. § 1020.320(e) (same). The BSA and its implementing regulations "create an unqualified discovery and evidentiary privilege that cannot be waived by the reporting financial institution." *Gregory v. Bank One Corp. Inc.*, 200 F. Supp. 2d 1000, 1002 (S.D. Ind. 2002).

In their Motion for Relief, Plaintiffs challenge Chase's statutorily mandated non-disclosure of Confidential SAR Privileged Material for the <u>third</u> time. First, Plaintiffs filed a Motion to Compel Responses to Their First Request for Production and Unredacted Documents ("Motion to Compel"), arguing that Chase's redactions of Confidential SAR Privileged Material were improper, and moving the Court to order production of "unredacted" documents or conduct an in camera review of the documents without redactions. DE 59. The Court denied the Motion to Compel. *See* DE 67 ("[T]he law in this District is clear that "the SAR [p]rivilege is an unqualified discovery and evidentiary privilege that a financial institution is not permitted to waive.") (citations omitted).

More recently, Plaintiffs filed their Sanctions Motion, in which they advanced the <u>very same allegations</u> they now raise again in their Motion for Relief. *See, e.g.*, DE 170 at 2 ("Chase…unilaterally selected records to . . . redact . . . claiming they related to [SAR]. [T]he court . . . [should] conduct an in-camera review of Chase's redactions"); *id*. at 7 ("Chase . . . falsely told the Court that federal law required it to…redact documents and information concerning the 'external source' because Chase said they related to SARs. But with Chase's latest disclosure, we now know Chase' claim, that the…documents were withheld because they would reveal the existence of SARs, was false."); *id*. at 11 ("the Court should [conduct an] in camera review…regarding the nature of the . . . redacted documents"); *id*. at 7, n. 4 ("Plaintiffs' Requests for Production and Interrogatories

5

sought 'all internal Chase communications regarding any decisions to close Monarch's and David Gitman's accounts with Chase' and asked for detailed 'reason or reasons for Chase's decision to not allow Chase customer to transfer money' to Plaintiffs") (citing Request for Production No. 15 and Interrogatory Nos. 2–3); DE 213 at 7:2–7 ("[T]he main thing is the hiding of the round number proffer . . . And the only way that the Defendants were able to do so…was by lying to the Court . . .").

Plaintiffs' Sanctions Motion was fully briefed, and the Court heard over two hours of argument from counsel. *See* DE 191; DE 198; DE 210. After considering these identical allegations raised by Plaintiffs in the Sanctions Motion, and holding a hearing thereon, the <u>Court ruled that Chase did not act willfully or in bad faith, and found no fraud has been practiced upon it</u>. *See* DE 210 at 61:8–62:8 ("I do not find that the Defendants acted willfully or in bad faith . . . Bad faith exists when the Court finds that a fraud has been practiced upon it or that the very temple of justice has been defiled"); 62:17–19 ("I find first that there is no evidence of bad faith warranting the exercise of the Court's inherent powers"). The Court denied Plaintiffs' request for an in camera review of the documents without redactions. *See id.* at 64:15–16 ("Lastly, Plaintiffs' request for in-camera review of redacted documents is denied").

In other words, the Court has already decided, having considered the very same allegations currently before it again, there was no fraud on the Court. In effect, by their Discovery Motion, Plaintiffs are actually seeking reconsideration of the Court's prior ruling on the Sanctions Motion.[3] Yet, Plaintiffs have not cited any new facts or law that would lead the Court to reverse its prior decision on these discovery issues. The only "new" items referenced are one press release and a letter referenced in the press release, alleging Chase discriminated against a D.C.-based non-profit dedicated to religious freedom. DE 213 at 7. The allegations in the press release, which do not involve Plaintiffs, Chase's AML interdiction list, sanctions, defamation, or any element of Plaintiffs' claims, have no connection to this case or Plaintiffs' Motion. *Id*. And the allegations are not evidence, much less evidence of a fraud on this Court. *Martin v. Ryder Distrib.*, 811 F. Supp. 658, 664 (S.D. Fla.

---

[3] Technically, a party cannot seek reconsideration of a discovery order under Fed. R. Civ. P. 60. *See Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir. 1987) (a party "cannot resurrect pre-trial discovery grievances in the guise of a Rule 60(b) motion"); *Attea v. Univ. of Miami*, 678 F. App'x 971, 975 (11th Cir. 2017) (denying Rule 60(b)(3) motion based on alleged fraud in discovery in part because "fraud and misrepresentation during the discovery process . . . is not new evidence"). Notably, Plaintiffs also chose not to appeal the Court's prior ruling to Judge Dimitrouleas. Moreover, any motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Awad v. Mayorkas*, 2022 WL 3136841, at *1 (M.D. Fla. June 13, 2022).

1992); *see also Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 (11th Cir. 2012) ("[A]llegations are not evidence of the truth of what is alleged").

Plaintiffs have no "'colorable' claim of fraud" entitling them to post-judgment discovery. *Keelan*, 2022 WL 990627, at *2; *see Billings v. UNUM Life Ins. Co. of Am.*, No. 02-20678-CIV, 2006 WL 8432595, at *3 (S.D. Fla. Mar. 29, 2006) ("[A]lthough the Court was under a misperception . . . the Court was not actively misled, and there was no attempt to perpetrate a fraud on the Court. . . . [T]he Court has considered whether discovery should be permitted to fully explore Defendant's claims, and has concluded that under the above circumstances, discovery is not warranted . . . .").

**B.    Plaintiffs were not precluded from presenting their case on the question that proved dispositive.**

**1.    The question that proved dispositive was, whether the alleged defamatory statement was made with express malice.**

The "question that proved dispositive" in this case was the question of express malice. The Court granted Chase's Motion for Summary Judgment because the alleged defamatory statements were "privileged." *Catskill*, 286 F. Supp. 2d at 320; DE 205 at 6. "Where it has been established that defamation occurred on a privileged occasion, then the plaintiff must prove that the defamation was made with express malice." *Id.* at 7 (citation and internal quotations omitted).

The question of express malice largely turns on whether the speaker intended to harm the plaintiff <u>personally</u>." *Crestview Hosp. Corp. v. Coastal Anesthesia, P.A.*, 203 So. 3d 978, 982 (Fla. 1st DCA 2016) (emphasis added). "[T]he plaintiff must show that the defendant's statements were made with the primary motive of injuring the plaintiff." *John Hancock Mut. Life Ins. Co. v. Zalay*, 581 So. 2d 178, 180 (Fla. 3d DCA 1991). "Express malice" is "ill will, hostility *and* an evil intention to defame and injure." *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1267 (S.D. Fla. 2004). "[T]here must be a showing that the speaker used his privileged position to gratify his malevolence." *Gunder's Auto Ctr. v. State Farm Ins.*, 699 F. Supp. 2d 1339, 1342 (M.D. Fla. 2010).

In granting summary judgment to Chase, the Court held, "Plaintiffs entirely fail to provide evidence from which a reasonable juror could infer that Chase acted with express malice." DE 205 at 10. "In fact," the Court added, "the evidence produced by Chase suggests the opposite: Chase made the statements pursuant to Chase's standard operating processes; the statements reflected the reasons why Chase was unable to execute the transactions (even if those reasons were partially false); and the statements did not mention either Plaintiff by name." *Id.* at 10–11. "Therefore," the Court concluded "Plaintiffs have failed to meet their burden to show express malice," and entered summary judgment in favor of Chase. *Id.* at 11.

### 2. The information Plaintiffs seek through post-judgment discovery was previously disclosed and irrelevant to the question of express malice.

Plaintiffs purport to "need discovery, including depositions, into Chase's claim that Plaintiffs were put on Chase's AML list because Plaintiffs' transactions were in round numbers and based on the Congressional Subpoena, and into Chase's recently discovered political bias." Discovery Mot. at 1. In ruling on the Sanctions Motion, however, the Court held that Chase's analysis of round-number transactions was <u>previously disclosed</u> in testimony by Chase's corporate representative. *See* DE 210 at 64:8–14 ("[T]he Court is satisfied that the Defendant has sufficiently previously disclosed through Mr. Lauro's testimony that its decision to place Plaintiff on the interdiction list was based, at least in part, on a review of transactional analysis, and transactional analysis would include, of course, the round-number proffer. And so that I will allow for use at trial."). Plaintiffs made no further inquiry on the topic during discovery. Nevertheless, Plaintiffs were in no way precluded by non-disclosure regarding analysis of round-number transactions from presenting their case on the question of express malice, or any question.

As for "recently discovered political bias," Plaintiffs explain, "[t]he <u>non-redacted</u> portions of Chase's AML Interdiction List Request make it likely that Chase added Plaintiffs to its interdiction list for political reasons." Discovery Mot. at 8. Plaintiffs, however, make no effort to reconcile this "new" accusation with the fact that the "<u>non-redacted</u> portions of Chase's AML Interdiction List Request" were among the first items disclosed during discovery. The supposed "political bias" was not, therefore, "recently discovered," and Plaintiffs were not precluded by non-disclosure from presenting their case on any question relating to the supposed "political bias." Similar to the round-number proffer, Plaintiffs simply chose not to ask Chase's corporate representative any questions about this issue. Plaintiffs' position is further undermined by the fact that, according to Plaintiffs, they knew about and had evidence of the so-called "political bias" even before Chase filed its Motion for Summary Judgment. *See* Mot. for Relief at 22 ("Gitman testified that Chase was motivated by political and personal animus against him and Monarch. This testimony is corroborated by Chase's inexcusable accusation in the AML Interdiction List Request that the Plaintiffs were involved in Russia's interference in the 2016 election"). Yet they chose not to present that evidence or make any argument regarding "political bias" in their response to Chase's Motion. *See* DE 90.

In terms of the Subpoena itself, the Court prohibited its use at trial because it was not disclosed on a timely basis, and held this prohibition "<u>remedie[d] any potential prejudice</u> that the Plaintiffs may have suffered." DE 210 64:6–8 (emphasis added); *see AM Grand Ct. Lakes LLC v. Rockhill Ins. Co.*, No. 18-23576-CIV, 2022 WL 4226400, at *15 (S.D. Fla. Apr. 4, 2022) ("Plaintiffs' discovery

8

violations before trial—which the Court remedied by imposing sanctions—did not prevent Defendant from "fully and fairly presenting [their] . . defense."). This ruling, of course, came on the heels of Plaintiffs' fierce opposition to the use of the Subpoena as evidence at trial. *See* DE 170 at 7, 10. Absent, however, were any arguments from Plaintiffs concerning any prejudice relating to Chase's then-pending Motion for Summary Judgment, or any suggestion that the Subpoena could help them avoid a ruling against them. Plaintiffs did not seek permission to incorporate the Subpoena in their response to Chase's Motion, and they did not seek a stay of the summary judgment proceeding, or make any attempt to argue that additional discovery into the Subpoena may affect the outcome. "They cannot now persuasively complain" about supposed "additional evidence of which they were unaware and which might have helped them to avoid summary judgment." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1310 (11th Cir. 2003) ("Plaintiffs never sought to stay the summary judgment proceeding . . . . In this context, Plaintiffs have no right to relief from the district court's entry of summary judgment based upon this 'newly discovered' evidence. Before the entry of summary judgment, Plaintiffs could have sought to depose Garnto, or, in the alternative, request a continuance pursuant to Fed. R. Civ. P. 56(f) . . . They cannot now persuasively complain that Garnto had additional evidence of which they were unaware and which might have helped them to avoid summary judgment.").

      Only now, after entry of judgment in Chase's favor, do Plaintiffs argue that the Subpoena is somehow favorable to their case. But Plaintiffs do not and cannot remotely establish that the Subpoena, or any information potentially obtained through discovery into the Subpoena, can be relevant to the dispositive question of express malice.

      As an initial matter, why "Plaintiffs were put on Chase's AML list," Discovery Mot. at 1, is not relevant to Plaintiffs' defamation claims, much less to the dispositive question of express malice. Plaintiffs' defamation claims are based on the alleged defamatory statements made to third parties, not their placement on the AML interdiction list. And notably, placement on the AML interdiction list was a determination made by Chase's Payments Committee, which played no role in the communication of the alleged defamatory statements. DE 79 at 32:13–24. The alleged defamatory statements were communicated by the Sanctions Service Utility ("SSU") Department. DE 115 at 16:16–19:12, 46:2–9.

      As the Court held in granting Chase's Motion for Summary Judgment, it is undisputed that the alleged defamatory statement—"We are unable to execute your transaction due to Sanctions and/or Internal JPMC Policy"—was made "pursuant to Chase's standard operating processes." DE 205 at 11; *see id.* at 8–9 ("[G]ood faith may be inferred by the fact that the statements were made

9

pursuant to Chase's standard operating processes."). Plaintiffs do not suggest they will be able to dispute that fact through additional discovery, nor can they. Those processes are reflected in a document titled "Procedure & Governance" regarding the "Global Funds Processor" (the "SSU Procedure Document"), a version of which is attached as Exhibit B. The processes called for communications to third parties to be limited to the statement, "We are unable to execute your transaction due to Sanctions and/or Internal JPMC Policy," in instances where the wire transfers were canceled for compliance reasons, which includes placement on the AML interdiction list. *See* Ex. B at 9, 69; DE 115-3 at 51:20–52:6. The statement is populated when employees in the SSU Department confirm a transaction was flagged for compliance and then select the "compliance" option from a short choice of options in a drop-down menu on their screens. *See* T. Pittman Dep. Tr., attached as Exhibit C, at 14:23–15:9; 22:18–23:5; Ex. B at 9, 69.

In other words, it is undisputed and indisputable that the standard process pursuant to which Chase made the alleged defamatory statement does not, and cannot, account for personal feelings, if there were any. Statements made pursuant to the process were not, therefore, and could not have been, made to gratify Chase's malevolence, with the primary motive of injuring, ill will, hostility and an evil intention to defame Plaintiffs "personally," as required to establish express malice. *See Crestview*, 203 So. 3d at 982; *Zalay*, 581 So. 2d at 180; *Jarzynka*, 310 F. Supp. 2d at 1267; *Gunder's Auto Ctr.*, 699 F. Supp. 2d at 1342. And no discovery "into Chase's claim that Plaintiffs were put on Chase's AML list because Plaintiffs transactions were in round numbers and based on the Congressional Subpoena" can or will show otherwise. The discovery Plaintiffs seek is, thus, irrelevant to the dispositive question of whether Chase made the alleged defamatory statement with express malice, and the Discovery Motion should be denied. *See Keelan*, 2022 WL 990627, at *1 (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1580–81 (11th Cir. 1991) ("When 'it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied.'")); *Catskill*, 286 F. Supp. 2d at 316 ("In the context of an adverse party's alleged failure to produce documents during discovery, plaintiffs must show that the undisclosed material either would have been important as evidence at trial or would have been a valuable tool for obtaining meaningful discovery. . . . the concealment of evidence did not substantially interfere with plaintiffs' presentation of their case if the evidence turns out to be cumulative, insignificant, or of marginal relevance.") (citations and internal quotations omitted).

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Discovery Motion should be denied.

Dated: June 23, 2023

Respectfully submitted,

**Benjamin Weinberg**
Derek E. León
 Florida Bar No. 625507
Benjamin Weinberg
 Florida Bar No. 061519
**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975
Facsimile: (305) 351.4059
Email:  dleon@leoncosgrove.com
Email:  bweinberg@leoncosgrove.com
Email:  eperez@leoncosgrove.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*