UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

MONARCH AIR GROUP, LLC d/b/a
MERCURY JETS, a Florida limited
liability company, and DAVID GITMAN,

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., a foreign
profit corporation,

    Defendant.
_____/

CASE NO.: 21-cv-62429-WPD

## MOTION FOR RELIEF FROM JUDGMENT FOR FRAUD ON THE COURT

Plaintiffs, Monarch Air Group, LLC d/b/a Mercury Jets, a Florida limited liability company ("Monarch") and David Gitman ("Gitman"), move under Fed.R.Civ.P. 60 to vacate Judgment [DE 206] secured by Defendant, JPMorgan Chase Bank, N.A. ("Chase").[1]

### INTRODUCTION

Plaintiffs originally moved to vacate the judgment because, among other things, Chase hid relevant information—a subpoena from the House Financial Services Committee referring to "Monarch"—until it was advantageous for Chase. The Magistrate twice sanctioned Chase monetarily and ordered that Chase could not use the congressional subpoena at trial. But the Magistrate did not issue substantive sanctions against Chase as Plaintiffs requested. Before Plaintiffs could ask the Court to reevaluate the Magistrate's decision, the Court granted summary judgment in Chase's favor.

When Chase first disclosed the congressional subpoena, it claimed that after it received the subpoena it analyzed Monarch's transactions and "found those transactions consistently involve round-numbered amounts," which may show money laundering activity. This was a lie. When Plaintiffs moved to sanction Chase for not disclosing the subpoena, Chase repeated the lie. When

---

[1] Under Eleventh Circuit Rule 12.1-1(c), when a party files a motion for relief from judgment that a district court lacks authority to grant because of a pending appeal, the district court may deny the motion without remand or enter an order "stating that it intends to grant the motion if [the Eleventh Circuit] returns jurisdiction to it." "[I]f the district court determined that the motion raises a substantial issue that warrants further consideration, the district court should enter an order so stating. The district court may without remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." Eleventh Cir. Rule 12.1-1(d).

STOK KON + BRAVERMAN
One East Broward Boulevard, Suite 915 | Fort Lauderdale, FL 33301 | Tel: (954) 237-1777 | Fax: (954) 237-1737

the Magistrate held a hearing on Plaintiffs' sanction motion Chase repeated the lie. And when the Magistrate held a hearing to determine Plaintiffs' right to post-judgment discovery Chase repeated the lie yet again. Chase repeated the lie over and over to convince the Court that Plaintiffs transactions may show that they were engaging in money laundering.

How do Plaintiffs now know that Chase was lying about a round-number analysis? Because Chase produced documents in *Sinai Holdings, LLC, et al. v. JPMorgan Chase Bank, N.A.,* Case No. 23-cv-62159-WPD, that it should have produced in this case. First, Chase produced an additional congressional subpoena that it did not disclose in this case, while it was insisting that it disclosed everything. Second, Chase disclosed the AML Interdiction List Request documents for Plaintiffs. In those, Chase's GFIU disclosed to Chase's AMLOC that "



" And "                                                         "

Therefore, contrary to Chase's many representations to the Court, Monarch's transactions were not flagged for round numbering which Chase claimed was indicative of money laundering to (again) falsely poison Monarch's image before the Court. Such a calculated and intentional deception should not go unsanctioned. The Court should thus vacate the judgment obtained through this intentional deception and issue an adequate sanction to deter Chase and other litigants from such highly prejudicial misconduct.

## STANDARDS OF REVIEW

When a judgment is obtained through deliberately planned and carefully executed scheme to defraud the courts, the court is empowered to vacate the judgment. Fed. R. Civ. P. 60(d)(3); Fed. R. 60(b) advisory committee's note to 1946 amendment. To prove a fraud on the court, the movant must prove "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability [to] impartially [] adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's

claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (11th Cir. 1989) (citations omitted). "Because corrupt intent knows no stylistic boundaries, fraud on the court can take many forms." *Id.*

### BACKGROUND

1.  On April 17, 2023 and April 24, 2023, just a few weeks before trial, Chase filed its Exhibit List [DE 159] and first Motion in Limine [DE 160], which informed Plaintiffs for the very first time that the "external referral" that Chase redacted, refused to testify about, refused to produce any documents about, and refused to respond to interrogatories about – nor divulge as part of its Rule 26 disclosures – was a Congressional Subpoena about "Monarch." We now know that Chase received a second Congressional Subpoena that it did not disclose during this case. *See* Exhibit A (to be filed under seal).

2.  In its Motion in Limine, Chase also claimed for the first time that "[a]s a result of receiving the subpoena, Chase examined the history of transactions associated with Monarch…, and found those transactions consistently involve round-numbered amounts," and the "jury will hear testimony from a Chase Executive Director and Compliance Risk Management Director, Anthony Lauro, that transactions involving round-numbered amounts are potential indications of money laundering activity." [DE 163] 1.

3.  After learning that Chase intentionally hid the Congressional Subpoena until the eve of trial, Plaintiffs moved for sanctions against Chase. [DE 170].

4.  Chase responded again claiming that "[a]fter receiving the Subpoena, Chase examined the history of transactions associated with Monarch…, and found those transactions consistently involve round-numbered amounts." [DE 191] 1. Chase also claimed that it interdicted Monarch for the round-numbered transactions. *Id.*

5.  The Court referred the sanctions motion to the Magistrate and the Magistrate held a hearing. [DE 210]. At the hearing, Chase's attorney argued that the "transactions analysis, which *of course* refers to if he had asked the question it would have referred to the round-numbering nature of the transactions…." *Id.* at 32 (emphasis added).

6.  Based on that argument, the Magistrate asked Plaintiffs' counsel: "Let me ask you one question…that deals with the round-numbering system. How do you respond to [counsel]'s argument that Mr. Lauro did in fact talk about the transactional analysis, and…had you asked more questions about that, you would have known that he was talking about the fact that these were round numbers which is an indicia of fraud?" *Id.* at 40. The Magistrate's order denying Plaintiffs'

request to strike Chase's pleadings was premised, in part on this argument. *Id.* at 64. The Magistrate concluded that it "is satisfied that [Chase] has sufficiently previously disclosed through Mr. Lauro's testimony that its decision to place Plaintiff on the interdiction list was based, at least in part, on a review of transactional analysis, and transactional analysis would include, *of course*, the round-number proffer." *Id.* at 64 (emphasis added).

7.  Following the Judgment, Plaintiffs moved for relief from the judgment and for discovery in support of its motion for relief. [DE 212 & 213]. In its motion for discovery, Plaintiffs requested discovery into Chase's claims that it put them on the interdiction list because its transactions were in round numbers. [DE 213] 1. In response, Chase argued that the Court already decided this issue in connection with Plaintiffs' sanction motion. [DE 226] 8 ("the Court held that Chase's analysis of round-number transactions was previously disclosed in testimony by Chase's corporate representative.").

8.  The Magistrate held an evidentiary hearing on Plaintiffs' motion for post-judgment discovery. [DE 253-1 253-2]. At the hearing, Chase's counsel tried to elicit testimony from Plaintiffs' counsel (who was testifying as a witness) that Plaintiffs' transactions, or at least a subset were in round numbers. [DE 253-1] 69-71. Then, Mr. Lauro, Chase's witness, testified that "As part of the GFIU's investigation, I believe that they did identify round dollars *and that was on of the factors cited*." *Id.* at 91. The Magistrate again ruled against additional discovery reiterating the ruling from the sanctions hearing. [DE 253-2] 46-47.

9.  The Court denied Plaintiffs' motion for relief from the judgment. That decision is on appeal.

10. After the order denying relief from judgment, Chase was sued by Sinai Holdings, LLC's and Jacob Gitman relating to their transactions that were cancelled worldwide while Chase published its automatic and absolutely false statements linking them to fantastical OFAC investigations and related sanctions. That case is pending before the Court as *Sinai Holdings, LLC et al. v. JPMorgan Chase Bank, N.A.,* No. 23-cv-62159-WPD.

11. Plaintiffs' counsel received discovery showing that Chase's misconduct in this case was worse than previously known. First, Chase produced a congressional subpoena from December 2020, months after the interdiction. *See* Exhibit A. That subpoena, unlike the one produced in this case, lists Plaintiff as "Monarch Air Group, dba Mercury Jets." *Id.* at 2.

12. Chase then produced documents showing that each entity or person that it interdicted had its own independent analysis in its own AML Interdiction List Request which

occurred in 2019. *See* JPMC_00010065-79, Exhibit B (to be filed under seal).

13. Chase did not produce the AML Interdiction List Request for Monarch but the Request for David Gitman includes the information for Monarch. JPMC_00010071-73.

14. These documents prove that Chase's repeated claims to the Court that it added Monarch to its interdiction list because its transactional analysis revealed that Monarch's transactions were in round numbers was false. Chase's Interdiction List Request says that



" And "█████████████████████████████████████████████████████████████████████████████████" JPMC_00010072. The document says nothing about round-numbered transactions. Compared to the other AML Interdiction List Requests

15. Aside from Chase's round-numbered transactions lie, this document also shows that Chase's handling instruction for the screening teams who review transactions is the transactions are "████████████████" JPMC_00010073. Yet Chase still proceeded to globally publish the humiliatingly false OFAC investigations and sanctions language hundreds of times, to anyone doing business with Monarch through Chase as the beneficiary, intermediate or originating bank.

16. Now that Chase's fraud on the Court has been revealed, Plaintiffs move to vacate the Judgment.

## ANALYSIS

Plaintiffs now have additional evidence showing Chase's misconduct in this case and how Chase engaged in a scheme to mislead the Court by claiming that Plaintiffs' transactions showed evidence of money laundering. The Magistrate bought into Chase's narrative and even used identical language as Chase did in its arguments to the Magistrate. The Court should vacate the Judgment and sanction Chase for defiling the halls of justice.

"[T]ampering with the administration of justice…involves far more than an injury to a single litigant." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 246. "It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with eh good order of society." *Id.* "The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." *Id.*

"'Fraud upon the court' should, we believe embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases presented for adjudication…." *Traverlers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985).[2]

Here, Chase and/or its attorneys intentionally misled the Court by claiming that Chase's transactional analysis revealed that Plaintiffs' transactions involved round numbers, which indicated money laundering. Chase's documents[3] produced in the Sinai case show that Chase did not find round-numbered transactions. In fact, the documents show that Chase determined that Monarch was legitimately transacting with other companies in the flight industry. Still, Chase chose to lie to the Court by claiming that the transactional analysis that it did after it received the congressional subpoena revealed that Monarch's transactions were in round numbers. It made this lie in its motion in limine, in response to Plaintiffs' second sanction motion, at the sanctions hearing, and in response to Plaintiffs' post-judgment discovery motion. It also tried to elicit testimony about round-numbered transactions while knowing that it fabricated those transactions. And the Magistrate's and the Court's rulings were infected from Chase's lies and fabrications. Such misconduct by Chase and/or its attorneys was a fraud on the Court and the Court should vacate the judgment. The Court should also sanction Chase for its fraudulent conduct by striking its pleadings, entering a default against Chase, precluding Chase from defending on these issues, and order Chase to pay Plaintiffs attorney's fees incurred in this action.

---

[2] Some courts have articulated five elements for fraud on the court. "Fraud on the court has five elements: (1) conduct of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) that is a positive averment or concealment when one is under a duty to disclose; and (5) that deceives the court." *In re Brannan*, 485 B.R. 443, 453 ((Bankr. S.D. Ala. 2013) (quoting *Carter v. Anderson,* 585 F.3d 1007, 1011 (6th Cir.2009)).

[3] Which they should have disclosed in this case because they were relevant and responsive to Plaintiffs' discovery requests. [DE 212-1] 993, 1001 (Plaintiffs' RFP no. 4 and RFP no. 15).

## CONCLUSION

Chase's misconduct in litigating this case was vast and intentional. Chase did not fulfill its discovery obligations by failing to meet its Rule 26 initial-disclosure obligations, preventing deposition testimony by instructing a witness not to answer without having a proper basis, failing to fully answer interrogatories and then claiming that the withheld information was privileged to shield them when it was not, and then wielding the same documents as a false sword by disclosing the congressional subpoena only when it was advantageous to Chase. This motion is made only after all that misconduct occurred. As such, now, this Motion targets Chase's lies to the Court about a fabricated round-numbered transactions that it claims it discovered after getting the congressional subpoena. Chase repeated the lie again and again until the Court adopted Chase's language. This fraud on the court cannot be allowed to go unanswered. The Court should vacate the judgment and sanction Chase.

**WHEREFORE**, Plaintiffs, Monarch Air Group, LLC and David Gitman respectfully request that this Honorable Court enter an Order granting Plaintiffs' Motion for Relief from Judgment, and sanctioning Chase by striking its pleadings, entering a default against Chase, and awarding Plaintiffs reasonable attorney's fees under Fed.R.Civ.P 37, 28 USC § 1927, and this Court's inherent power, together with any other relief that this Honorable Court deems just and proper.

Certificate of Conferral: We hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good-faith effort to resolve the issues and Defendant opposes the Motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed and served via the CM/ECF filer on **May 15, 2025**, on all parties and counsel of record: Derek E. León, Esq., dleon@leoncogrove.com; Benjamin Weinberg, Esq., bweinberg@leoncosgrove.com, eperez@leoncosgrove.com; Sofia Manzo, Esq., smanzo@leoncosgrove.com, aquezada@leoncosgove.com; LEÓN COSGROVE, LLP 255 Alhambra Circle, 8th Floor Miami, Florida 33134.

Respectfully submitted,

*/s/Joshua R. Kon, Esq.*
Robert A. Stok
 Florida Bar No. 857051
Joshua R. Kon
 Florida Bar No. 56147
Yosef Kudan
 Florida Bar No. 1010261
**STOK KON + BRAVERMAN**
One East Broward Boulevard, Suite 915
Fort Lauderdale, Florida 33301
Telephone: (954) 237.1777
Fax: (954) 237.1737
Email: rstok@stoklaw.com
Email: jkon@stoklaw.com
Email: ykudan@stoklaw.com
Secondary: service@stoklaw.com

*Counsel for Plaintiffs Monarch Air Group, LLC and David Gitman*